UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHELLE L. SLEPCEVICH )
)
      *Plaintiff,* ) No. 2:17-CV-01081
)
v. )
)
INTERTRACTOR AMERICA CORP. )
)
      *Defendant.* )

## VERIFIED COMPLAINT

The Plaintiff, MICHELLE L. SLEPCEVICH, by her attorneys, RIZZO & DIERSEN S.C., by Mick H. Sellergren, do allege the following as a Complaint against the above-named Defendant:

## PARTIES

1. Plaintiff Michelle L. Slepcevich ("Slepcevich") is an adult female resident of the State of Illinois residing at 1901 W. Oakleaf Drive, McHenry, IL 60051. Slepcevich is a former employee of Intertractor America Corp. and former subordinate of Nathan Stupka.

2. Defendant, Intertractor America Corp. ("Intertractor") is a foreign business entity registered to do business in the state of Wisconsin with its principle place of business at 960 Proctor Drive, Elkhorn, WI 53121. Intertractor is a subsidiary of Italtractor ITM, a foreign business entity, which itself is a subsidiary of Titan International, Inc.

## JURISDICTION

3. This case presents issues under federal law, specifically Title VII of the Civil Rights Act of 1964. This Court therefore has federal-question jurisdiction under 28 U.S.C. § 1331.

1

4. Slepcevich timely filed her Charge of Discrimination with the EEOC.

5. Slepcevich has timely instituted this action on August 7, 2017 after her receipt of Notice of Right to Sue dated May 9, 2017. The Notice of Right to Sue is attached as Exhibit A and incorporated herein.

6. The allegations that Slepcevich now brings before the Court track those presented to the EEOC in her Charge of Discrimination.

7. Slepcevich presents claims that are brought under state law as well. These include allegations that Stupka battered Slepcevich and falsely imprisoned her in the state of Illinois. The Court has jurisdiction over these claims by the doctrine of pendent jurisdiction. The Court has the constitutional power to exercise pendent jurisdiction because Slepcevich has presented a substantial federal claim over which federal courts have subject matter jurisdiction and there is a common nucleus of operative facts shared by all claims. Judicial economy is served by the Court's assumption of jurisdiction over these state law claims because sending those claims to state court would result in a wasteful and duplicative expenditure of resources.

## VENUE

8. Venue is proper in the Milwaukee Division of this district under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claim - most particularly Slepcevich's employment with Intertractor and the hostile environment she endured - occurred in Walworth County, Wisconsin.

## BACKGROUND

9. Slepcevich was hired by Intertractor as a part-time employee in the Planning Department in October 2011.

2

10. In approximately February 2012, Slepcevich was hired as a full-time employee and promoted to the position of Accounting Assistant.

11. Slepcevich's new supervisor upon her promotion in February 2012 was Nathan Stupka. Stupka held the position of Commercial Director until May 2014, at which time he became the President of Intertractor. As such, Stupka was superior to Slepcevich in the chain of command at Intertractor at all times relevant to this complaint.

12. Stupka had the authority to undertake or recommend tangible employment decisions affecting Slepcevich and had authority to direct Slepcevich's daily work activities.

13. At all times relevant to these allegations, Stupka was married to Amy Stupka.

14. In September of 2014, Stupka and Slepcevich began text messaging and talking with one another inside and outside of work.

15. On September 16, 2014 Stupka invited Slepcevich to dinner at Geneva Chophouse, this time under the guise of a "departmental meeting" involving several other female – and only female - employees. Slepcevich attended this dinner because she felt she had to if it involved her entire department, even though September 16 was her son's birthday.

16. After dinner on September 16, 2014 Stupka invited Slepcevich to spend the night with him at the Grand Geneva Resort & Spa. Slepcevich declined and explained to Stupka that she did not feel comfortable with the arrangement because Stupka was both married and her supervisor.

17. Despite Slepcevich declining to sleep with him, Stupka continued to text and talk with Slepcevich outside of work. The conversations were of a sexual nature. Stupka told Slepcevich, amongst other things, that his mood at work depended on her behavior towards him.

3

18. On or about October 12, 2014 Stupka invited Slepcevich to dinner at Rivers Casino in Illinois. Stupka provided Slepcevich with money to spend at the casino. Slepcevich declined the offer of money, but Stupka insisted that she keep it, so Slepcevich submitted to his wishes and kept the money.

19. On or about October 12, 2014, Slepcevich went to Stupka's room at the Rivers Casino hotel. Stupka gave Slepcevich a beer, shoved more money into Slepcevich's purse, and told her that everything that happens in the hotel room needs to remain a secret, or else they will both lose their jobs and Stupka would lose everything. Stupka demanded sex, and Slepcevich conceded to Stupka's demand for sex because she feared for her job. Slepcevich declined to perform oral sex on Stupka, and thereafter Stupka would frequently remind Slepcevich "remember, you owe me" and "remember, you owe me a blowjob."

20. On or about October 21, 2014 Stupka was again at a hotel, this time at Grand Geneva Resort & Spa in Lake Geneva, Wisconsin. He invited Slepcevich to his hotel room, ostensibly so they could talk as "just friends". In actuality, Stupka shut the curtains and lay down on the bed and asked Slepcevich to join him on the bed. Stupka explained that the point of her being there was not to "just sit on top of the covers". Slepcevich declined to have sex with Stupka, but while eating a meal in Stupka's hotel room, Stupka insisted that Slepcevich sit in his lap while he was eating a burger. Slepcevich used the receipt of a text from her child as an excuse to leave, and Stupka remarked "I can't have you but I want you" and "don't forget, you still owe me."

21. In November 2014, Slepcevich told Cheryl Grimm ("Grimm"), a manager at Intertractor, about how Stupka had coerced her into intercourse at Rivers Casino hotel. Grimm told Slepcevich that reporting this to Intertractor human resources was a bad idea because

4

Slepcevich and Stupka could both lose their jobs, that everyone at Intertractor could lose their jobs, and that Stupka had a wife and children to support. Slepcevich, perceiving her job to be in jeopardy if she reported Stupka's behavior, decided that she would not report it to human resources.

22. In November 2014, Slepcevich began dating her current boyfriend.

23. Stupka became jealous when he learned of Slepcevich's new boyfriend. Despite knowing about her boyfriend, Stupka still invited Slepcevich out to dinner or to his hotel room on several occasions in November and December 2014. Stupka would become angry each time that Slepcevich declined his advances. Stupka texted Slepcevich to ask her how many times she had sex with her new boyfriend. Slepcevich insisted that he stop texting her, but Stupka continued to text her anyway.

24. At the Intertractor Christmas party on December 13, 2014 Slepcevich danced with a male coworker, James Clouse. Stupka told Slepcevich that she gave Clouse "an erection like he (Stupka) had never had before."

25. The next day, December 14, 2014 at 5:55AM Stupka's wife, Amy Stupka, left Slepcevich a voicemail at work despite the fact that the two women were not acquainted with one another. In the voicemail, Amy Stupka threatened Slepcevich's job if she were to text Stupka again. Later that day, Amy Stupka held a three-way phone call with Stupka and Slepcevich, during which Amy Stupka set rules for Slepcevich, including that she was not allowed to be alone or to talk to Stupka, her boss. Slepcevich cried throughout the conference call. Amy Stupka mailed Slepcevich a letter to her home address in April of 2015 reiterating the threat to Slepcevich's job and berating Slepcevich for her relationship with Stupka.

5

26. In January of 2015, Stupka planned to fire Slepcevich. However, he was talked out of this by Grimm, who pointed out that such an action would "create a problem".

27. In November 2015, Grimm, a manager at Intertractor, instructed Slepcevich to write a letter to Amy Stupka in order to ask her forgiveness for her relationship with Stupka. Grimm further instructed Slepcevich to not go to the Christmas party that year. Finally, Grimm stated Slepcevich was the reason that there were no more department dinners.

28. Slepcevich's employment with Intertractor was terminated on May 5, 2016. The stated reason for her termination was that "it's just not working out". Slepcevich asked Grimm for the real reason, and Grimm replied that Intertractor was making cut-backs.

29. Upon information and belief, the reasons of "it's just not working out" and "cut-backs" are pretexts for discrimination.

## COUNT 1: SEXUAL HARASSMENT CREATING A HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

30. Plaintiff hereby incorporates by reference and re-alleges the preceding allegations.

31. Slepcevich is female and therefore belongs to a class protected from sex discrimination as a matter of law.

32. All of these sexual advances and sexual acts by Stupka described in paragraphs 16-20, 23, and 24 were unwelcome, unsolicited, and uninvited,

33. Stupka's sexual advances and sexual acts towards Slepcevich were motivated by the fact that Slepcevich is female.

34. Stupka's sexual advances and sexual acts, Amy Stupka's communications to Slepcevich, and Grimm's instructions and her unwillingness to do anything about the harassment created a work environment that was both subjectively and objectively hostile.

35. Intertractor is vicariously liable for Stupka's acts because Stupka was Slepcevich's supervisor and Stupka was, at all times relevant to this Complaint, either the Commercial Director or the President of Intertractor.

36. Slepcevich suffered tangible employment consequences because of Stupka's harassment, including but not limited to termination of her employment, and the consequences described in paragraphs 25-27 above.

37. As a result of Stupka's unwelcome advances and the tangible impact on her employment, Slepcevich suffered from stress, humiliation, embarrassment, nausea, headaches, weight loss, and insomnia, and has suffered compensable emotional harm.

38. Intertractor's conduct was both malicious and reckless, as it knew of Stupka's conduct through its managers, including Stupka and Grimm, and it failed to remedy the problem and instead placed the blame on Stupka.

## **PRAYER FOR RELIEF**

1. As to Count 1, an award of compensatory damages in an amount to be determined pursuant to 42 U.S.C. § 1981a(a)(1).

2. As to Count 1, a finding that the act of discrimination was malicious or reckless and an award of punitive damages pursuant to 42 U.S.C. § 1981a(a)(1).

3. As to Count 1, costs and attorneys fees pursuant to 42 U.S.C. § 1988.

4. As to Count 1, an award of back pay, including lost fringe benefits, with interest pursuant to 42 U.S.C. § 2000e-5(g)(1) in an amount to be determined.

5. As to Count 1, any other equitable relief that the Court finds appropriate pursuant to 42 U.S.C. § 2000e-5(g)(1), including front pay and reinstatement.

A TRIAL BY JURY IS HEREBY DEMANDED.

Respectfully submitted,

 /s/ Mick H. Sellergren
Mick H. Sellergren #1087039
Dated August 7, 2017
Attorney for Plaintiff
Rizzo & Diersen, S.C.
3505 30th Avenue
Kenosha, WI 53144
Telephone: (262) 652-5050
Email: mhs@rizzolaw.com

VERIFICATION

STATE OF WISCONSIN   )
                     ) ss.
COUNTY OF WALWORTH   )

MICHELLE SLEPCEVICH being duly sworn, deposes and says that she is the plaintiff in the within action, that she has read the foregoing complaint and knows the content thereof; that the same is true of her own knowledge, expect as to those matters therein stated to be alleged upon information and belief, and as to those matters she believes them to be true.

s/ Michelle Slepcevich

Michelle Slepcevich

Sworn to before me on this
7th day of August, 2017

s/ Christine Lewandowski

Notary Public

9